

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

JUN 3 0 2011

J.T. NOBLIN, CLERK

BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

BLAINE HOBGOOD                                                  **PLAINTIFF**

VS.

OFFICERS TROY BORDELON, CLAY NECAISE,
JOSH POYADOU, ZENAS CAPPIE, and PATRICK
BARBER individually and in their official capacities
as duly commissioned Police Officers for the City of
Waveland, MS; POLICE CHIEF JAMES A. VARNELL,       **CIVIL ACTION NO.**
individually and in his official capacity as a duly
commissioned Police Officer for the City of Waveland,        1:11cv252 LG-RHW
MS; DAVID GARCIA, individually and in his official capacity
as Mayor of The City of Waveland, MS; CITY OF
WAVELAND, UNKNOWN JOHN AND JANE DOES A-Z

                                                               **DEFENDANTS**

---

### COMPLAINT
### THE PLAINTIFF DEMANDS A TRIAL BY JURY

---

COMES NOW, the Plaintiff, BLAINE HOBGOOD, in the above styled and numbered

civil action, by and through his counsel of record, Bobby Moak, who files this Complaint against

the aforementioned Defendants.  In support of the same, the Plaintiff states, avers and gives

notice of the following;

### PRELIMINARY STATEMENT

1.  This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was

    a blatant violation of, inter alia, the federal civil, constitutional and human rights of

    BLAINE HOBGOOD, who has made charges of malfeasance, improper use of force,

    illegal detainment, false arrest, assault and battery, and negligent infliction of emotional

    distress against OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and

    BARBER and other named defendants.  As a direct and proximate consequence of the

damages BLAINE HOBGOOD received at the hands of Waveland Police Officers BORDELON, NECAISE, POYADOU, CAPPIE and BARBER, BLAINE HOBGOOD experienced pain and suffering, mental anguish, trauma and distress, loss of enjoyment of life and other damages as contemplated by all applicable violations of his constitutional and human rights.  It is alleged that BLAINE HOBGOOD's  rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985 and 1986, together with the 5th, 8th, and 14th Amendment, rights under the Constitution of the United States of America, and rights guaranteed by the State of Mississippi were violated.

2.  It is on behalf of BLAINE HOBGOOD that he files this action and prays for the relief set forth in the following paragraphs.

## STATEMENT OF FACTS

3.  Prior to January 5, 2009, the citizens of Waveland have been subjected to unnecessary and unreasonable actions as herein described at the hands of The City of Waveland, MS and other named defendants.

4.  On or about January 5, 2009, Plaintiff was a passenger, along with other passengers in a blue Chevy Suburban driven by Chester Prestenbach which was stopped by OFFICER JOSH POYADOU within the city limits of Waveland, Mississippi for a traffic stop later determined to be a seatbelt violation.

5.  After OFFICER POYADOU conducted the traffic stop, OFFICERS NECAISE, CAPPIE, BARBER and BORDELON arrived on scene to assist with this seat belt traffic stop.

6.  OFFICER POYADOU states that he observed PLAINTIFF reach down with his left hand and appeared to be "grabbing something".

2

7. Plaintiff was then physically forced out of said vehicle by OFFICER NECAISE, detained by OFFICERS BARBER AND BORDELON, and tased by OFFICER BARBER.

8. Plaintiff was arrested for disorderly conduct, failure to comply with Officer's commands and resisting arrest.

9. The Police Report fails to state what PLAINTIFF "grabbed with his left hand" within the vehicle which lead to the forced physical arrest and taser deployment. All OFFICERS mentioned above worked in concert one with the other that caused the tasing to the Plaintiff.

## PARTIES

10. Plaintiff BLAINE HOBGOOD is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint he resided in Waveland, Mississippi. The infliction of the named actions on BLAINE HOBGOOD were performed in Hancock County, Mississippi by OFFICERS POYADOU, NECAISE, CAPPIE, BARBER and BORDELON while he was in the employment of and under the supervision of the Police Chief and the City of Waveland.

11. The Defendant, Police Chief James A. Varnell, is believed to be an adult resident of Waveland, Mississippi. At all times material hereto this Defendant, he was the Police Chief of Waveland located within Hancock County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Waveland, Mississippi including BLAINE HOBGOOD while travelling through the city limits. This Defendant is sued in his official and individual capacities.

He may be served with lawful process at the Waveland Police Department in Waveland, Mississippi.

12. The Defendant OFFICER CLAY NECAISE is believed to be an adult resident citizen of 1006 Washington Street, Bay St. Louis, Mississippi 39520. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

13. The Defendant OFFICER JOSH POYADOU is believed to be an adult resident citizen of Waveland, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

14. The Defendant OFFICER PATRICK BARBER is believed to be an adult resident citizen of Waveland, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

15. The Defendant OFFICER ZENAS CAPPIE is believed to be an adult resident citizen of Waveland, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

16. The Defendant OFFICER TROY BORDELON is believed to be an adult resident citizen of East River Street, Kiln, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

17. The Defendant, City of Waveland and its current Mayor David Garcia, on behalf of all city public departments including the Board of Alderman and Waveland Police Department, is a city located in Hancock County, Mississippi.  At all times material hereto this Defendant or predecessor in office was vested with the responsibility and authority to hire, train, supervise, set public policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Waveland, MS, Mississippi including BLAINE HOBGOOD while travelling through its city limits.  This Defendant may be served with lawful process at the city offices in Waveland, MS, Mississippi at Town of Waveland, City Hall, 407 Highway 90, Waveland, Mississippi 39201.

18. Defendant, The City of Waveland, Waveland, Mississippi (the "City"), is a municipality organized and existing under the laws of the State of Mississippi.  This Defendant may be served with process by delivering a copy of the Summons and Complaint to its Mayor David Garcia, 407 Hwy 90, Waveland, Mississippi 39201.

19. The Defendants, John and Jane Does, identities are not known to the Plaintiff at this time. They include any and all other parties who by their actions or inactions are implicated in this Complaint.  Information material to this incident will be requested by the Plaintiff. Therefore, their true identities and the identities of others are unknown at this time and it is believed they could be adult resident citizens of the City of Waveland and/or Hancock County, Mississippi, or domestic or foreign corporations.  Through the discovery process it is further believed that their true and accurate identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to Amend this his Complaint and to specifically name the unknown persons as Defendants in this action and serve

5

them with process for wrongs committed and violations against the rights, privileges and immunities of BLAINE HOBGOOD, all of which at this time are alleged to have been committed by known persons in their official and individual capacities as employees of the City of Waveland, other State or Municipal entities and/or other individuals acting in concert with such person, persons or state entities named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of BLAINE HOBGOOD.

20. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

<u>JURISDICTION</u>

21. The Plaintiff herein invokes the federal question jurisdiction of the Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorney's fees, and damages suffered and sustained by the Plaintiff BLAINE HOBGOOD and caused by the Defendants' blatant violation of the rights, privileges and immunities of BLAINE HOBGOOD as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985 (3), 1986 & 1988.  Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

<u>VENUE</u>

22. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391 (b) because all or part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## COUNT I

### ACTION FOR DEPREVATION OF CIVIL RIGHTS

### (42 U.S.C. SECTION 1983)

23. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

24. At all times material hereto, the Defendants were vested with State authority and the non-delegable responsibility and the duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under the color of state law, the Defendants commenced to engage in a course of conduct to implement a policy, usage, plan or widespread practice or custom wherein the rights, privileges or immunities of BLAINE HOBGOOD were violated. Specifically, the Defendants, jointly and severally, were engaged in a course of conduct that resulted in the violation of the Plaintiff's rights of protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the rights against cruel and unusual punishment as set forth in the Eight Amendment of the Constitution of the United States of America. The violations complained in this Complaint include, but are not limited to, the use of excessive force, deprivation of

identifiable civil rights i.e. liberty and/or the pursuit of happiness, the unnecessary and wanton infliction of pain and inhuman torture in light of the circumstances confronted by the Plaintiff resulting in a deprivation that was sufficiently serious wherein the Defendants acted maliciously and with wanton and willful reckless disregard for the Plaintiff's safety and well being by using actions designed and intended to cause BLAINE HOBGOOD mental and emotional harm, pain and/or injury all of which caused or contributed to his damages.

25. As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants together with his Eighth Amendment rights proscribing cruel and unusual punishment.

26. At all times material hereto, the Defendants acted pursuant to the policies, regulations, and decisions officially and unofficially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or widespread practice or custom of the Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER.

27. It is further averred that the Defendant Police Chief James A. Varnell, and the City of Waveland, Mississippi were the governmental officials whose edicts or acts may be fairly said to represent official policy, practices, customs or regulations of Waveland, Mississippi, and the Waveland Police Department.  The aforementioned Defendants

developed, planned and implemented the policy, custom and/or usage that results in and led to the foreseeable use of police actions by OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER which caused permanent damages to the Plaintiff.

28. The Fourth Amendment to the United States Constitution protects individuals from false arrest. In this instance there was no probable cause to detain, arrest, or subject the Plaintiff to a tasing/stun gun incident as described herein. The actions of the Defendants were outrageous, improper, illegal and unreasonable.

29. Any detention of the Plaintiff was at all times unlawful, placing the Plaintiff in an official vehicle for the purpose of confinement and later being held against his will was all without his consent.

30. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America, BLAINE HOBGOOD suffered immediate and irreparable suffering to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his to be emotionally distressed for life. While being battered by OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER of the Waveland Police Department, BLAINE HOBGOOD experienced extreme pain, suffering, humiliation, fear for his life, mental distress and severe emotional anguish.

### COUNT II

ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(42.S.C. SECTION 1985)

31. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

32. Based on information and belief, BLAINE HOBGOOD was battered by OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER.  He was violated physically and emotionally in a public setting within the confines of the Waveland Police Station by male officers of the City of Waveland, Mississippi being specifically OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER.

33. It is clear from the facts set forth above that the Defendant, OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER, willfully and maliciously conspired to engage in a course of conduct consistent with the edicts, acts, policies, procedures, official decisions and mandates that resulted in a blatant violation of BLAINE HOBGOOD' constitutional rights.  Thus, the Defendants are jointly and severally liable to the Plaintiff for the emotional damages, pain and suffering he endured.

34. The Defendant Police Chief James A. Varnell failed to train said officer of the proper respect for the constitutional rights of those while in the custody of said OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER.  Such action and inaction resulted from the deliberate indifference of the Police Chief with regard to the rights of the citizens of Waveland, Mississippi, and in particular BLAINE HOBGOOD.

35. The aforementioned acts of conduct and other acts are indicative of a pattern of violations and the inadequacy of the officers' training, particularly that of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER , which were obvious and likely to result in BLAINE HOBGOOD's constitutional rights being violated.  There exists a direct causal link between the permissive and pervasive atmosphere and failure to discipline and train

OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER which led to the foreseeable proximate cause of the Plaintiff's depravation of rights and damages. Both Police Chief James A. Varnell and in particular OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER, knew, based on their employment with the Waveland, MS Police Department that deviations from any written or unwritten policy regarding proper use of a taser went ignored and without punishment.  There existed a persistent, widespread practice and custom by the Defendants which allowed OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER to act in a manner in violation of the constitutional rights of BLAINE HOBGOOD which is so common and well settled as to constitute a custom that fairly represents the policy of the Waveland Police Department Police Chief James A. Varnell and all other Defendants and all had actual and/or constructive knowledge that such a custom was contributable to the City of Waveland and in particular the Waveland Police Department.  The actual and/or constructive knowledge of such widespread practice or custom is therefore attributable to Waveland Police Department and/or Waveland Police Chief who condoned and permitted the widespread practice and custom of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER violating person's, such as BLAINE HOBGOOD's, constitutional rights.  Such practice was consistent and widespread and not nearly a single action in and of itself.

<u>COUNT III</u>

ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

(42 U.S.C. Section 1986)

36. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

37. The Defendant Police Chief, James A. Varnell knew or reasonably should have known, prior to the actions complained of including taser use on BLAINE HOBGOOD and the implementation of and completion of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place at the hands of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER.

38. Despite the verbal reporting by BLAINE HOBGOOD, who suffered at the hands of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER, neither Police Chief James A. Varnell nor anyone else in a position of authority to stop, reprimand and prevent the same from happening again immediately intervened.  There was no immediate reprimand, warning, nor suspension to prevent OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER from taking the law into his own hands and endangering the rights and lives of Waveland citizens.  Had appropriate recourse been implemented, BLAINE HOBGOOD would not be suffering today.

39. The Defendants in their individual and official capacities either intentionally or through their deliberate indifference failed to expose, prevent, intervene, stop or otherwise thwart the conspiracy to deprive BLAINE HOBGOOD and other persons similarly situated of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, duty, power, ability to halt, annul, void, expose, intervene in or stop the illegal violations before they occurred or while they were occurring.  Consequently, these Defendants are liable to BLAINE HOBGOOD for the damages he sustained at the hands of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER whose actions were the Defendant Police Chief James A. Varnell's responsibility to control, train,

supervise, instruct and discipline and whose lack of the foregoing led directly to OFFICERS

BORDELON, NECAISE, POYADOU, CAPPIE and BARBER's actions.

COUNT IV

FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

the foregoing paragraphs.

41. The Defendant Police Chief failed to provide adequate and competent training and/or

supervision to the Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE

and BARBER particularly with regard to the illegal force of and use of tasers on or before

the date in question.  The aforementioned Defendants are tasked with the non-delegable duty

and responsibility to formulate, oversee and implement official policies, procedures,

practices and customs to ensure officers such as OFFICERS BORDELON, NECAISE,

POYADOU, CAPPIE and BARBER were properly trained.

42. As a direct and proximate cause of consequence of the aforementioned Defendant Police

Chief, individually and in his representative, official capacity failed to properly develop,

implement and otherwise devise a policy of adequate police training and or supervision for

OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER and other

Officers.  BLAINE HOBGOOD was deprived of his Fifth, Eighth and Fourteenth

Amendment constitutional rights, privileges, and immunities which, if properly trained,

supervised and disciplined, every Officer within the employ of Police Chief James A. Varnell

would have known it was illegal to use OFFICERS BORDELON, NECAISE, POYADOU,

CAPPIE and BARBER's power and authority on the date in question and BLAINE

HOBGOOD's damages and the corresponding depravation of his civil rights, privileges and immunities would not have happened.

43. Failure to provide adequate warning, reprimanding, training and supervision of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER was so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of   BLAINE HOBGOOD and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the Defendants' Officers, the aforementioned Defendants are liable for BLAINE HOBGOOD' damages and the depravation of his civil rights associated therewith.

<u>COUNT V</u>

NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

44. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

45. The Defendants, Police Chief, Waveland Police Station, and the City of Waveland were vested with the authority to hire, fire, transfer and discipline employees of the Waveland Police Department.

46. On information and belief after the September 2, 2008, events, BLAINE HOBGOOD complained and reported the illegal acts of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER to the Waveland Police Department for the incidents of taser usage.  The decision by the Defendants, Police Chief James A. Varnell, the Waveland Police Department and the City of Waveland to hire, retain and not discipline OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER resulted in the creation of an

edict, act or hostile environment that allowed for OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER to take the law into their own hands and left excessive opportunity for the abuse of their power over the citizens of Waveland, Mississippi. OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER believed they were above the law and could get away with blatant disregard for human life through the improper use of a taser to subdue citizens.  As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take necessary corrective immediate action in the past regarding OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER the aforementioned Defendants are liable for the damages and corresponding depravation of rights sustained by the Defendants.

<u>COUNT VI</u>

PENDANT STATE OR SUPPLEMENTAL CLAIMS

A.  BATTERY

47. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48. After BLAINE HOBGOOD stopped his vehicle, Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER inflicted offensive contact to his person. The offensive contact was intended to harm BLAINE HOBGOOD and/or unnecessarily inflict explicit acts and contact, suffering and distress upon his body.

49. As a direct and proximate consequence of the assault and battery i.e. the offensive contact, that Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER inflicted upon the person of BLAINE HOBGOOD he was violated and unable to live a peaceful, un-fearful and a normal lifestyle.  At all times material to this Complaint, the

Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD.  Thus the Plaintiff, BLAINE HOBGOOD is entitled to a monetary judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the assault and battery of BLAINE HOBGOOD.

B.  ASSAULT

50. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

51. The events that give rise to this action that occurred on January 5, 2009, created in BLAINE HOBGOOD a reasonable apprehension that the Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER and other unknown individuals acting independently and in concert with one another were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.  At all times material to this cause of action, BLAINE HOBGOOD was alive and conscious and fearful of his life. Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER acted with reckless disregard for the safety and well being of BLAINE HOBGOOD.

52. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon BLAINE HOBGOOD.  At all times material to this Complaint, the Defendants OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD.  Thus the Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment

against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon him.

## C.  CIVIL CONSPIRACY

53. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

54. On the date in question, the Defendants acting in concert with one another entered into an agreement, expressly or by implications, through their participation in or condoning of the assault, battery and other actions complained by BLAINE HOBGOOD, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon BLAINE HOBGOOD certain harm, suffering, pain and misconduct.  The Defendants agreement to engage in or allow persons under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy against BLAINE HOBGOOD.

55. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of BLAINE HOBGOOD.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD.  Thus the Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy against him.

## D.  THE COMMON LAW TORT OF OUTRAGE

17

56. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

57. The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscious of the community. This outrageous conduct resulted in BLAINE HOBGOOD, being permanently and emotionally scarred for the rest of his life. The manner, method and design of the Defendants conduct amounted to a cold, callous and premeditated abuse of legal authority.

58. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the damaging of BLAINE HOBGOOD. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD. The Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward BLAINE HOBGOOD.

E. NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

59. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

60. The Defendants conduct was designed not only to inflict illegal acts causing suffering upon BLAINE HOBGOOD, but also emotion and mental anguish and distress on the date in question. The manner, method and design of the Defendants conduct cause BLAINE HOBGOOD to endure emotional and mental distress and anguish to this present day and in his future.

61. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on BLAINE HOBGOOD and with which he is still living. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD. The Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on BLAINE HOBGOOD.

## F.   FALSE ARREST / FALSE IMPRISONMENT

62. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

63. The Defendants detainment and further acts against Plaintiff while in custody and after knowing of Plaintiff's prior personal injuries were without probable cause and false assertions of the Defendants without legal authority or basis causing Plaintiff to be confined and contained against his will and without opportunity to fend against the actions of OFFICERS BORDELON, NECAISE, POYADOU, CAPPIE and BARBER to tase him while in this physical condition. That the initial arrest was false and the action of public handcuffing and detention caused shame, humiliation, embarrassment and conscious pain and suffering.

64. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such false arrest as the same resulted in the damaging of BLAINE HOBGOOD.

At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD.  The Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such false arrest or imprisonment toward BLAINE HOBGOOD.

### G.  MALICIOUS PROSECUTION

65. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

66. The Plaintiff herein was charged with several counts against the peace and dignity of the City of Waveland, Mississippi.  Thereafter, the City of Waveland, Mississippi did remand to the files and abandon their prosecution in favor of the accused.

67. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such malicious prosecution of the charges made against him as the same resulted in the damaging of BLAINE HOBGOOD.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of BLAINE HOBGOOD.  The Plaintiff, BLAINE HOBGOOD, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such malicious prosecution toward BLAINE HOBGOOD.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

    a.  Permanent emotional injury;

    b.  Pain and suffering;

   c.  Economic damages;

   d.  Out of pocket expenses;

   e.  Loss of enjoyment of life;

   f.  Past, present and future emotional distress and mental anguish;

   g.  Court costs;

   h.  Pre and post judgment Interest;

   i.  Attorney's Fees;

   j.  Any and all out of pocket expenses;

   k.  All other damages of every kind to the Plaintiff to which he is entitled by law; and

   l.  All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the City of Waveland, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality, particularly as to taser usage on citizens.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

I.    The Defendants be served with a copy of this Complaint;

II.   The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III.  The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV.    Any and all other legal and/or equitable relief the evidence would show and a jury
       will allow.

THIS the 28th day of June, 2011.

RESPECTFULLY SUBMITTED,

BLAINE HOBGOOD

BY: _____
       BOBBY MOAK
       Attorney at Law
       P.O. Box 242
       Bogue Chitto, MS  39626
       Bar # 9915

Prepared By:

Bobby Moak
P.O. Box 242
Bogue Chitto, MS 39629
(601) 734-2566
MS Bar #: 9915