IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

BLAINE HOBGOOD                                          PLAINTIFF

VS.

OFFICERS TROY BORDELON, CLAY NECAISE,
JOSH POYADOU, ZENAS CAPPIE, and PATRICK
BARBER individually and in their official capacities
as duly commissioned Police Officers for the City of      CIVIL ACTION NO.
Waveland, MS; POLICE CHIEF JAMES A. VARNELL,    1:11cv252LG-RHW
individually and in his official capacity as a duly
commissioned Police Officer for the City of Waveland,
MS; DAVID GARCIA, individually and in his official capacity
as Mayor of The City of Waveland, MS; CITY OF
WAVELAND, UNKNOWN JOHN AND JANE DOES A-Z    DEFENDANTS

## RESPONSE TO MOTION IN LIMINE

COMES NOW Blaine Hobgood, Plaintiff herein, by and through counsel, and answers the Motion in Limine of the Defendants to exclude references to other uses of taser devices or municipal policies concerning taser use as follows:

1.      Defendants would seek to have the Court find that the issue now before the Court, electronic control weapon (hereinafter "*taser*") usage by the law enforcement officers of the City of Waveland, should be prohibited when the injuries to the plaintiff and his consequent lawsuit stem specifically from the unbridled employment of tasers by members of the Waveland Police Department, without adequate training, application of procedures and protocols or enforcement of policies to safeguard against improper usage. The taser usage by law officers of the city on citizens outside the scope of their duties and in prohibition of the policies of the city or the failure by the city or officers in charge to regulate the activities of the police force that is so well known in the community that news editorials have been written as to the excessive usage.

2.      That in their Motion for Summary Judgment the Defendants raised issues such as whether the Plaintiff herein complied with a verbal order of Officer Clay Necaise and was subsequently placed in an arm bar restraint technique while at the same time cleared himself of the Plaintiff while Officer Patrick Barber deployed his taser on Blaine Hobgood, all during an initial traffic stop executed by the Waveland Police Department. It is also during this time that the Plaintiff was held by the neck with the foot of an officer and again tased. All of the facts were captured by a dashboard video camera entered as Exhibit 2 to the Defendants Motion for Summary Judgment and is the clear and undisputed fact of the stop as a matter of law.

3.      The dashboard camera captures the moment. Argue as they will for the dismissal of this action in the instant motion or in the previous Summary Judgment Motion which is again raised here by Defendants and therefore ripe for the introduction of Plaintiff's argument, the video tells the tale. It is a matter at least for the Jury to decide and the use of tasers and police tactics in this instant case or the prior actions of the officers is relevant. City policies, training and supervision are all relevant to the instant case.

4.      The video and depositions of the officers all point to the fact that excessive force was used during not only this instant case but during the time they were on the force by them and their fellow officers. Whether it be the arm bar technique, taser of other tactic of choice it was excessive and Hobgood's fifth, eighth and fourteenth amendments were violated.

5.      The City of Waveland's policies were lacking especially when coupled with failure by the city to supervise personnel as the defendants herein. Failure to train and supervise officers all lead to bolster Hobgood's conspiracy action in that without proper supervision officers mimick, conspire and act in the way other officers on the force complete their duties.

From the video already offered into evidence by the Defendants it is clear a jury can make the decision whether the city was in actual control of their officers under circumstances such as the instant case.

6. Assault and Battery, False Arrest, Unlawful Imprisonment, Malicious Prosecution are all issues for a jury to decide as well as Hobgood's Emotional distress as a result of the extreme and outrageous conduct of the officers in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Blaine Hobgood moves the Court to deny the motion in limine of the Municipal defendants.

This, the 9th day of June.

Respectfully Submitted,

BLAINE HOBGOOD, PLAINTIFF


By: */s/ Bobby Moak*
BOBBY MOAK
MSBN 9915
Post Office Box 242
Bogue Chitto, MS  39629
(601) 734-2566


**CERTIFICATE OF SERVICE**

I, Bobby Moak, do hereby certify that on June 9, 2013, I electronically filed the foregoing Response to Motion in Limine with the Clerk of the Court using the CM/ECF system which sent notification of such filing all counsel of record.

*/s/ Bobby Moak*
BOBBY MOAK, MS Bar No. 9915
*COUNSEL FORPLAINTIFF*