IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BLAINE HOBGOOD                                              PLAINTIFF

V.                                        CAUSE NO. 1:11CV252-LG-RHW

TROY BORDELON, CLAY NECAISE,
JOSHUA POYADOU, ZENAS CAPPIE,
PATRICK BARBER, JAMES VARNELL,
& DAVID GARCIA, in their official and
individual capacities; CITY OF WAVELAND;
and UNKNOWN JOHN AND JANE DOES A-Z              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is the [49] Motion for Summary Judgment filed by

Defendants City of Waveland, and Troy Bordelon, Clay Necaise, Joshua Poyadou,

Zenas Cappie, Patrick Barber, James A. Varnell, and David Garcia in their official

and individual capacities. Defendants Bordelon, Necaise, Poyadou, Cappie, and

Barber are officers with the City of Waveland Police Department. Defendant

Varnell formerly served as the Chief of Police for the City of Waveland, and

Defendant Garcia is the Mayor of Waveland. Plaintiff Blaine Hobgood brought this

lawsuit after he was arrested during the course of a traffic stop, and alleges

Defendants violated his constitutional rights. Specifically, Hobgood claims Officer

Necaise forced him out of his vehicle, and Officer Barber deployed a nonlethal

electro shock weapon, commonly referred to as a "Taser," into him.[1] Hobgood's

---

[1] The record indicates that the electro shock weapons used by the Waveland
Police Department at the time were devices commonly known as "Tasers." (Defs.'
Mot. Ex. 7, ECF No. 49-7). These are electronic stun guns manufactured by Taser

Amended Complaint alleges claims under federal and state law, including 42 U.S.C. § 1983, § 1985, and § 1986, and various torts.  Defendants move for summary judgment as to all of Hobgood's claims.

Hobgood has not responded to the Motion, despite having been granted several extensions of time in which to do so.  Having considered the Motion and the supporting exhibits, the Court finds that there is no question of material fact for the jury except in regard to Hobgood's Fourth Amendment excessive force claim. Accordingly, the Motion for Summary Judgment will be granted in part and denied in part.

## BACKGROUND

The Court views the facts in the light most favorable to Hobgood as the nonmovant.[2]  On January 5, 2009, Officer Poyadou initiated a traffic stop of a vehicle in which Hobgood was a passenger.  Officers Necaise, Cappie, Barber, and Bordelon arrived to assist Officer Poyadou.  Hobgood testified that when the officers approached the vehicle, they instructed him to put his arms out of the window, and he complied.  (Defs.' Mot. Ex. 4, 46 (ll. 12-15), ECF No. 49-4).  According to the Complaint, one of the officers accused Hobgood of reaching down to "grab

International, Inc.  Therefore, the Court will use the term "Taser" to refer to the weapon used on Hobgood.

[2] There are some contradictions between the factual allegations in Hobgood's Complaint and Hobgood's deposition testimony, which are noted to the extent deemed necessary.  The Court will discuss the videotape evidence with respect to Hobgood's Fourth Amendment excessive force claim.

something," so Officer Necaise physically forced Hobgood out of the car.  (Compl. 2
(¶6); 3 (¶7), ECF No. 1).  Hobgood disputes that he was attempting to grab anything
or that he moved his hands when the officers approached the vehicle. (Defs.' Mot.
Ex. 4, 44 (ll. 9-11), ECF No. 49-4).  Hobgood's Complaint also alleges that Officer
Barber deployed a Taser into him after he was removed from the car.  During his
deposition, Hobgood testified that he did not resist the officers, and that "three or
four officers pushed [him] to the ground" and then one officer "stuck the taser to
[his] hip." (Defs.' Mot. Ex. 4, 46 (ll. 23-25), ECF No. 49-4).³  Hobgood was arrested
for "disorderly conduct, failure to comply with Officer's commands, and resisting
arrest," but his Complaint states that he was not prosecuted.  (Compl. 3 (¶8); 20
(¶66), ECF No. 1).

Defendants submit that the traffic stop occurred near a Wal-Mart store,
where an employee had reported that the passengers in the vehicle had purchased
pseudoephedrine, an over-the-counter drug used to produce methamphetamine, a
controlled substance.  Defendants do not dispute that Hobgood was physically
removed from the vehicle or that Officer Barber used a Taser on him, but they claim
that Hobgood was attempting to "pull away from Necaises's grasp" when Officer

---

³ During his deposition, Hobgood stated that it was Officer Necaise who
deployed the Taser, but his Complaint alleges it was Officer Barber.  (Defs.' Mot.
Ex. 4, 43 (ll. 12-14); 46 (ll. 24-25), ECF No. 49-4).  Defendants have acknowledged in
their briefing that Officer Necaise removed Hobgood from the vehicle, and that
Officer Barber deployed the Taser.  They have also submitted the Narrative Form
completed by Officer Necaise following the incident, which states Officer Barber
deployed the Taser after Officer Necaise removed Hobgood from the vehicle.  (Defs.'
Mot. Ex. 3, ECF No. 49-3).

Barber deployed the Taser.  (Defs.' Mem. 1, ECF No. 50).

Hobgood's Amended Complaint brings claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  He also alleges conspiracy claims under 42 U.S.C. §§ 1985 and 1986, as well as a number of state law claims: negligent hiring, retention, training, and supervision; battery; assault; civil conspiracy; outrage; negligent and intentional infliction of emotional distress; false arrest and false imprisonment; and malicious prosecution.[4] Defendants move for summary judgment as to all of Hobgood's claims pursuant to Federal Rule of Civil Procedure 56.  Defendants argue that Hobgood's claims are legally or procedurally barred, and that a video recording of the incident "renders the material facts of this case undisputed."  (Defs.' Mem. 2, ECF No. 50).

## THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th  Cir. 1994).  The Plaintiff

---

[4] To the extent Hobgood's negligent hiring, training, supervision and retention claims are brought under state law, they are treated by Mississippi courts as simple negligence, subject to the Mississippi Tort Claims Act.  *See Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005).

has not submitted any argument or evidence in opposition to the Defendants'

Motion.  Nevertheless, the Defendants have the burden of establishing the absence

of a genuine issue of material fact and, unless they have done so, the Court may not

grant the Motion, regardless of whether any response was filed.  *Hibernia Nat'l.*

*Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.

1985).

## DISCUSSION

### I.  Section 1983 Claims

Hobgood claims that Defendants violated his Fourth, Fifth, Eighth, and

Fourteenth Amendment rights and are liable pursuant to 42 U.S.C. § 1983.  His

Amended Complaint alleges that he was arrested without probable cause, and

deprived of his rights to procedural and substantive due process, to the equal

protection of the laws, and to be free from cruel and unusual punishment.  Hobgood

claims the City failed to adequately train or supervise officers, and that the City

negligently hired, retained, and failed to discipline officers.[5]  He contends that City

officials have promulgated policies or customs that resulted in foreseeable

constitutional violations.

Defendants argue that Hobgood's Fourth Amendment excessive force claim

fails because the force used by the officers was not clearly excessive to the need.

_____

[5]  Although Hobgood may not bring a negligence claim under 42 U.S.C. §
1983, his allegations of failure to adequately train or supervise officers also relate to
the excessive force claim and will be analyzed in that context.

They assert that his Fourteenth Amendment claim is barred because it is actually a Fourth Amendment excessive force claim, and that his Fifth and Eighth Amendment claims also fail.

### Fourth Amendment Claim

"[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008). Defendants argue that Hobgood's Fourth Amendment excessive force claim should be dismissed because the video of the incident demonstrates that, as a matter of law and undisputed fact, the officers did not act unreasonably. Defendants contend the video, which was taken with a police dashboard camera, "clearly shows that Hobgood resisted officers' attempts to restrain him and that Officer Barber deployed his taser in an attempt to gain compliance." (Defs.' Mem. 5, ECF No. 50). Hobgood disputes that he was resisting the officers, but Defendants urge the Court to view the facts as depicted by the video pursuant to *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

The Court has reviewed the video and takes that evidence into account, but in this case, it does not see a need to abandon the requirement that the Court view the facts in the light most favorable to Hobgood as the nonmovant. In *Scott*, the plaintiff's version of the facts were "blatantly contradicted" by the video evidence, whereas in this case, "the video does not so blatantly contradict the version of the

events told by [Hobgood] that no reasonable jury could believe his version" with respect to whether he resisted the officers. *Ramirez v. Martinez*, --F.3d--, 2013 WL 2096364 at *2-3, 7 (5th Cir. May 15, 2013). (*Scott* was distinguishable and therefore did not control standard of review; holding district court did not err in denying qualified immunity as to excessive force claim where plaintiff who posed no threat to officers was subjected to use of Taser). *But see Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (stating that "Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene" and that the court "need not rely on the plaintiff's description of the facts where the record discredits [it], but should instead consider the facts in the light depicted by the videotape.") (internal citations and quotation marks omitted).

Defendants argue Officer Barber's use of the Taser was constitutionally permissible because it amounted to the use of non-deadly force to stop Hobgood's attempt to escape and to gain his compliance. (Defs.' Mem. 7, ECF No. 50). Defendants submit that the United States Court of Appeals for the Fifth Circuit has upheld the use of non-deadly force in similar situations, citing *Fontenot v. Cormier*, 56 F.3d 669, 675 (5th Cir. 1995). Defendants also submit that Officer Necaise removed Hobgood from the vehicle with an "arm bar technique" that, under the circumstances, was reasonable and caused only "de minimis" injury to Hobgood. (Defs.' Mem. 6-7, ECF No. 50).

The Court has reviewed the video, and cannot find, based on that evidence

-7-

and the case law cited by Defendants, that Defendants have established the absence of a genuine issue of material fact as to whether the use of force was excessive in this case.  In the Court's view, a question of fact remains as to whether Hobgood was attempting to escape or resisting the officers when the Taser was deployed, as Defendants contend.

The video depicts the vehicle being pulled over, and two officers approach its left side.  The following events take place over a period of approximately 30 seconds: The first officer states that he needs to see the vehicle's occupants' hands.  One occupant's arm is out of the vehicle's window, but it is not clear whether that occupant is in the driver's seat or the backseat.  The first officer then speaks to the driver of the vehicle, and requests a license and registration.  The other officer, identified by the parties as Officer Necaise, orders the occupants of the vehicle to place their hands on the roof.  Officer Necaise then immediately opens the vehicle door and makes a remark that suggests Hobgood did not comply with his order. Hobgood claims, "I did," as the officer grabs Hobgood's left arm, pulls him from the car, and brings him to the ground in a face-down position.  Hobgood places his right hand behind his back, and another officer rushes over and takes Hobgood's right arm, while Officer Necaise still holds Hobgood's left arm.  Hobgood then moves forward in what may be an attempt to stand, but reasonable jurors may differ as to whether Hobgood was "rising up under his own power," as Defendants claim. (Defs.' Mem. 3, ECF No. 50).

Hobgood is then brought to the ground again, and another officer, identified

by the parties as Officer Barber, rushes in and deploys a Taser into Hobgood's right side.  Hobgood shouts an expletive, and it appears that Officer Barber deploys the Taser again as Hobgood yells several times that he is "not resisting."  Hobgood is pulled into a face-down position again while an officer places his foot on Hobgood's neck. Officer Barber holds the Taser on Hobgood's back, but does not appear to deploy it again.  Hobgood is then handcuffed. (*See* Dashboard Camera Video, Defs.' Mot. Ex. 2 at 1:15-1:45).

Where a suspect is resisting or attempting to escape, the Fifth Circuit has held that the use of a Taser is not unconstitutionally excessive.  *Ramirez*, 2013 WL 2096364 at *6 (citing *Poole v. City of Shreveport*, 691 F.3d 624, 626 (5th Cir. 2012)).  And the Court is mindful of "the fact that police officers are often forced to make split second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989).  However, in this case, there remains a question of fact as to whether Hobgood was resisting or attempting to escape.  The Court therefore cannot, at this stage of the proceedings, find as a matter of law that the use of the Taser was not clearly excessive to the need.  Accordingly, Defendants' Motion for Summary Judgment is denied as to Hobgood's Fourth Amendment claim.

Hobgood also appears to allege Officer Necaise used excessive force when he removed him from the car.  However, Hobgood testified in his deposition that the extent of his injury that resulted from being brought to the ground was that he

"scuffed [his] knee up a little bit." (Defs.' Ex. 4, 6 (ll. 7-13), ECF No. 49-4).  The

Court finds that this injury does not rise to the level of what is required for a proper

excessive force claim.  *See Schmidt v. Gray* ("injury necessary to support [a Fourth

Amendment] claim 'must be more than a de minimis injury and must be evaluated

in the context in which the force was deployed").  Thus, to the extent Hobgood

alleges an excessive force claim based on his knee being scuffed, Defendants are

entitled to summary judgment on that claim.

**Claims Under the Fifth, Eighth, and Fourteenth Amendments**

Hobgood also alleges that his rights under the Fifth Amendment were

violated.  The due process and other protections of the Fifth Amendment apply only

to violations by the United States or a federal actor.  *Jones v. City of Jackson*, 203

F.3d 875, 880 (5th Cir. 2000) (*citing* Morin v. Caire, 77 F.3d 116, 120 (5th Cir.

1996)).  Hobgood does not allege that any of the Defendants were acting under

authority of the federal government, and therefore he has no cause of action under

the Fifth Amendment.

Hobgood's claims under the Eighth Amendment are also barred.  The

protections of the Eighth Amendment apply only to convicted inmates, not suspects

or even pretrial detainees.  *See, e.g., Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639

(5th Cir. 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Hobgood makes

no allegation that he was a prisoner who was subjected to unconstitutional

punishment.  His Amended Complaint does not allege any mistreatment that falls

under the Eighth Amendment's prohibition.  Thus, he has no Eighth Amendment

claim. *See, e.g., Abshure v. Prator*, 392 F. App'x. 267, 268 (5th Cir. 2010) (The "Eighth Amendment applies to treatment of prisoners, not pretrial detainees.").

Hobgood also alleges his rights under the Fourteenth Amendment were violated, but he may not pursue an excessive force claim under either the Due Process or Equal Protection clauses of the Fourteenth Amendment.  Where a particular Amendment "provides an explicit textual source of  constitutional protection" against a particular kind of government action, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The Fourth Amendment, rather than the Fourteenth, governs the use of force by police in apprehending a suspect.  *See Lytle v. Bexar Cnty, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994).  Hobgood's Complaint makes a brief reference to a procedural due process deprivation, but provides no further explanation, and Hobgood has not submitted any evidence in support of such a violation.

Moreover, in order to state a claim under the Equal Protection clause, Hobgood must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) *(citing City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)).  Hobgood's Complaint does not allege that he was treated differently based on race or other

protected status.  Moreover, Hobgood testified in his deposition that he was not subjected to the alleged excessive force because of discrimination, but instead that it may have been motivated by some personal animosity.  (Defs.' Mot. Ex. 4, 71 (ll.22-25); 72 (ll. 1-5), ECF No. 49-4).[6]  Therefore, Hobgood has no Fourteenth Amendment claim.  Defendants are entitled to judgment as a matter of law on the Fifth, Eighth, and Fourteenth Amendment claims.

## II.  Claims Against the City and Defendants in their Official Capacities

Hobgood has alleged claims against the City of Waveland as well as the defendants in their official capacities.  Defendants contend that Hobgood has failed to demonstrate that a municipal policy, custom, or practice caused a constitutional violation, and therefore he cannot recover from the City of Waveland or the defendants in their official capacities.

Regardless of the viability of his Fourth Amendment claim, Hobgood is unable to demonstrate liability under Section 1983 on the part of the City or any individual defendant in his official capacity.  A municipality cannot be held liable unless a police officer's alleged constitutional violation proximately resulted from a municipal policy or custom.  *See, e.g., Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).  For purposes of Section 1983, a claim against a municipal employee in his official capacity is "in essence, a suit against the municipality," and

---

[6]  Specifically, Hobgood stated:  "I think it was a little bit personal . . . Not because I'm white. They don't discriminate. They'll tase anybody."  (Defs.' Mot. Ex. 4, 72 (ll. 1, 4-5), ECF No. 49-4).

requires the same showing of a policy or custom.  *Brumfield v. Hollins*, 551 F.3d

322, 331 n.9 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir.

2005)).  Such claims have been held to be redundant of claims against the

municipality.  *See, e.g., Burnett v. City of Southaven*, No. 2:08-CV-45-P-A, 2009 WL

1683981 at *1 (N.D. Miss. June 15, 2009) ("The official capacity claim is

tantamount to a claim against the City . . . . [a]ccordingly, the official capacity claim

. . . is redundant and . . . . should be dismissed.") (citing *Roberts v. City of*

*Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005.  Moreover, supervisory officials

cannot be held liable under section 1983 for the actions of subordinates on any

theory of vicarious or respondeat superior liability.  *McCully ex rel. Davis v. City of*

*N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

    To state a claim against the municipality, Hobgood must show his alleged

injury was caused by (1) "a policy statement, ordinance, regulation or decision that

is officially adopted and promulgated by the municipality's lawmaking officers," or

(2) "a persistent widespread practice of city officials or employees, which … is so

common and well settled as to constitute a custom that fairly represents municipal

policy."  *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert.*

*denied*, 472 U.S. 1016 (1985).  Hobgood has alleged in his Complaint that

Defendants acted pursuant to city policy, custom, or widespread practice, Compl. 8

at ¶ 26, ECF No. 1, but he has not demonstrated that any official rule or policy, or a

common and well-settled practice that amounts to a municipal policy, caused his

injury.  During his deposition, he testified that he did not know what the Waveland

Police Department's policies with respect to Tasers are, or who sets such policies.

(Defs.' Mot. Ex. 4, 76 (ll. 23-25); 77 (ll. 2-11), ECF No. 49-4).  Hobgood has not

submitted any testimony or other evidence establishing that the City of Waveland

adopted or otherwise had a policy that led to a violation of his rights.  The

allegations in his complaint, offered without proof, are insufficient to support this

claim.  *See Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997).

Defendants have established that they are entitled to judgment as a matter of law

on Hobgood's Section 1983 claims against the City and the individual defendants in

their official capacities.

## III.  Claims Against Defendants in their Individual Capacities

Defendants argue that Hobgood's claims against the individual defendants

are barred by the doctrine of qualified immunity because no clearly established rule

was violated.  Defendants also submit that Defendant Garcia was not the Mayor of

Waveland at the time of the alleged incident, and that Hobgood has admitted Chief

of Police Varnell did not harm him.

"Qualified immunity balances two important interests– the need to hold

public officials accountable when they exercise power irresponsibly and the need to

shield officials from harassment, distraction, and liability when they perform their

duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  "The doctrine of

qualified immunity protects government officials 'from liability for civil damages

insofar as their conduct does not violate clearly established statutory or

-14-

constitutional rights of which a reasonable person would have known.'" *Id.* (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  If an official's conduct was objectively reasonable, it does not matter if that official's conduct violated a constitutional right; he is still entitled to qualified immunity. *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996).

In evaluating a claim of qualified immunity, the court considers (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson*, 555 U.S. 223 (2009).  Courts have discretion to determine which of these questions to address first.  *Pearson*, 555 U.S. at 236.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. *See also Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) ("[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken.")  Moreover, each defendant's actions must be evaluated individually. *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution.").

Therefore, in order to overcome Defendants' defense of qualified immunity, Hobgood's Complaint must allege facts that, if true, demonstrate that each individual defendant violated his rights by acting in a way that he or she should have known was unlawful. "When considering a defendant's entitlement to qualified immunity, we must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. Sept. 27, 2011) (citing *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2083 (2011)).

**Mayor Garcia**

An official such as Mayor Garcia who is sued in his individual capacity cannot be liable under Section 1983 on the theory of respondeat superior; he must have been personally involved in the plaintiff's injury to be liable. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Hobgood has not presented any facts or evidence to establish that Garcia was personally involved in, or even aware of, the incident. During his deposition, he said he was unsure whether Garcia was the Mayor at the time of his alleged injury, and that he did not know whether Garcia had done anything to harm him. (Defs.' Mot. Ex. 4, 86 (ll. 10-15), ECF No. 49-4). Accordingly, the Defendants are entitled to judgment as a matter of law in regard to the claims against Defendant Garcia in his individual capacity.

### Chief of Police Varnell

Likewise, Chief of Police Varnell was not present at the scene of Hobgood's arrest and did not participate in the alleged use of excessive force.  During his deposition, Hobgood admitted that Varnell did not actually harm him, but claimed that Varnell "didn't control his officers . . . or direct [them] to do the job correctly." (Defs.' Mot. Ex. 4, 78 (ll. 22-25); 79 (l. 1), ECF No. 49-4).  Varnell could be liable under Section 1983 if Hobgood could show that:  Varnell failed to train or supervise the officers involved in the incident; that there was a "causal connection" between Varnell's failure and the violation of Hobgood's rights; and that Varnell's "failure to train or supervise constituted deliberate indifference" to Hobgood's rights.  *See Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).  However, Hobgood has not presented any evidence that Varnell failed to train or supervise the officers who arrested him, or that such a failure caused a violation of his rights.  During his deposition, Hobgood testified that he witnessed some aspect of the officers' training with the Taser devices, but he has not provided any information about how this training was inadequate.  (*See* Defs.' Mot. Ex. 4, 79 (ll. 19-25), 80 (ll. 11-9), ECF No. 49-4).  His Complaint alleges that Varnell "failed to provide adequate and competent training and/or supervision to the Defendants," which led to the deprivation of his rights, but he has not presented any support for these statements in response to the Defendants' Motion.  (Compl. 13-14 (¶¶41-43), ECF No. 1).  The allegations in his Complaint, without more, are insufficient to create a genuine issue of material fact to overcome summary judgment.  Accordingly,

Defendants are entitled to judgment as a matter of law against Defendant Varnell in his individual capacity.

**Police Officers**

As noted above, the Court finds that there is a genuine issue of material fact with respect to Hobgood's Fourth Amendment claim. The facts are in dispute as to whether Hobgood was resisting or attempting to flee when the Taser was used. If Officer Barber deployed a Taser one or more times while Hobgood was not resisting, as Hobgood claims, qualified immunity does not apply. In such circumstances – that is, where a suspect is not resisting or attempting to flee – a reasonable officer would know that the use of a Taser on him would be unlawful. *See, e.g., Mason v. Wharton*, 477 F. App'x 256, 262-63 (5th Cir. 2012) (affirming denial of summary judgment with respect to Fourth Amendment claim and qualified immunity) (discussing *Autin v. Baytown*, 174 F. App'x 183 (2005)). Again, at this stage, the Court views the facts in the light most favorable to Hobgood, who claims he was not resisting. Accordingly, Officer Barber is not entitled to qualified immunity.

As noted above, Hobgood has not sufficiently supported his excessive force claim based on Officer Necaise's actions in removing him from the vehicle. Accordingly, Officer Necaise is entitled to qualified immunity. Finally, there is no assertion that Officers Bordelon, Poyadou, or Cappie deployed a Taser during the incident, and he has not presented any evidence that any of those officers used

excessive force on him.[7]  Therefore, Officers Bordelon, Poyadou, or Cappie are

entitled to qualified immunity.

## IV.  Conspiracy Claims

Hobgood's Complaint also alleges conspiracy claims under 42 U.S.C. §§ 1985

and 1986.  Section 1985 prohibits conspiracies to intimidate or injure a federal

official, or to deny a citizen equal rights based on racial or class-based

discrimination.  *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir.

2010) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Section 1986

addresses the failure to prevent a Section 1985 conspiracy.[8]  Hobgood's Amended

Complaint does not allege he was denied the equal protection of the laws because of

---

[7] Hobgood's Complaint alleges Officers Barber and Bordelon detained him during the incident, and that Officer Cappie assisted with the arrest.  The Court notes that Hobgood's Complaint does not allege that Officers Bordelon, Poyadou, or Cappie are liable pursuant to Section 1983 for failing to intervene when Officer Necaise or Officer Barber allegedly used excessive force on him.  Therefore, the Court will not consider whether those officers could be liable for failing to take reasonable measures to protect Hobgood from the other officers' actions.  *See, e.g., Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

[8] Section 1986 states in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]

42 U.S.C. § 1986.

discrimination, and in his deposition, Hobgood stated that he did not believe the officers used the Taser on him because of discrimination.  (Defs.' Mot. Ex. 4, 72 (ll. 1, 4-5), ECF No. 49-4).  Therefore, Hobgood's claims under Sections 1985 and 1986 fail as a matter of law.  To the extent Hobgood also alleges a state law claim of civil conspiracy, the only evidence in the record of a "conspiracy" is Hobgood's testimony that, "in [his] opinion," the officers' actions were "rehearsed."  (Defs.' Mot. Ex. 4, 77 (ll. 12-20), ECF No. 49-4).  Hobgood has not presented any evidence that the Defendants had entered into an agreement "to accomplish an unlawful purpose or a lawful purpose unlawfully" when he was injured.  *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 786 (¶37) (Miss. 2004).  Accordingly, Defendants are entitled to judgment as a matter of law on Hobgood's civil conspiracy claims.

## V.  State Law Claims

Hobgood's Complaint alleges a number of claims under state law, including the torts of assault, battery, outrage, false arrest and false imprisonment, malicious prosecution, and negligent infliction of emotional distress.  He also alleges claims of negligent hiring, retention, training, and supervision.  Defendants argue that Hobgood's state law claims are barred because he failed to comply with the notice requirement of the Mississippi Tort Claims Act (MTCA).

The MTCA requires that a person making a claim against a governmental entity or a government employee must file a notice of the claim with the governmental entity ninety (90) days prior to filing an action in court.  See Miss.

Code Ann. § 11-46-11(1).[9]  Under Mississippi law, "[t]he notice of claim requirement 'imposes a condition precedent to the right to maintain an action.' " *Clanton v. DeSoto Cnty. Sheriff's Dept*., 963 So.2d 560, 563 (¶ 7) (Miss. Ct. App. 2007) (quoting *Gale v. Thomas*, 759 So.2d 1150, 1159 (¶ 33) (Miss.1999)).  "The timely filing of the notice of claim is a jurisdictional prerequisite." *Id*.  There is a one-year statute of limitations on claims under the MTCA, and failure to file the required notice within the one year period means the claims are time barred.  *See, e.g., Little v. Miss. Dep't of Human Servs*., 835 So. 2d 9, 12 (Miss. 2002).

Hobgood's alleged injury occurred in January 2009, and there is no evidence in the record that he filed notice pursuant to Miss. Code Ann. § 11-46-11 within the mandatory one-year deadline.  Hobgood has not put forth any argument or statement that he filed proper notice of his claims under the MTCA.  Accordingly, the Court must find that Hobgood's state-law tort claims are barred.

---

[9] The language of Miss. Code Ann. § 11-46-11(1) provides, in pertinent part:

> After all procedures within a governmental entity have
> been exhausted, any person having a claim for injury
> arising under the provisions of this chapter against a
> governmental entity or its employee shall proceed as he
> might in any action at law or in equity; provided,
> however, that ninety (90) days prior to maintaining an
> action thereon, such person shall file a notice of claim
> with the chief executive officer of the governmental entity.
> Service of notice of claim may also be had in the following
> manner: . . . . if the governmental entity is a municipality,
> then upon the city clerk.

Miss. Code Ann. § 11-46-11(1).

CONCLUSION

For the reasons set forth above, Defendants are entitled to judgment as a matter of law as to all of Hobgood's claims except his Fourth Amendment excessive force claim brought under 42 U.S.C. § 1983. A genuine issue of material fact exists as to the Fourth Amendment claim; therefore, the Motion for Summary Judgment is denied as to that claim, which may proceed against Defendant Barber in his individual capacity. Plaintiff's claims against Defendants Bordelon, Poyadou, Cappie, Necaise, Varnell, and Garcia in their official and individual capacities are dismissed. Plaintiff's claims against Defendant Barber in his official capacity are dismissed. Plaintiff Hobgood's claims against the City of Waveland are dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [49] Motion for Summary Judgment filed by Defendants is **GRANTED IN PART AND DENIED IN PART.**

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE